FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 20, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

BENJAMIN JOSEPH HILL,

Petitioner,

v.

DONALD HOOPER,

Respondent.

NO: 2:26-CV-00335-RLP

ORDER OF SUMMARY DISMISSAL

Before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, filed by Attorney Dawson Osborn of the Spokane County Public Defender's Office on behalf of Petitioner Benjamin Joseph Hill, an individual currently housed at the Spokane County Detention Services. The Petition was filed on August 10, 2026. ECF No. 1. The $5.00 filing fee was paid on August 11, 2026. Respondent has not filed a notice of appearance.

Petitioner presents a double jeopardy challenge to his pending retrial on state charges of attempted murder, first degree assault, drive-by shooting, and related

firearm and identification offenses. A state pretrial detainee with a double-jeopardy claim may seek habeas relief before trial under 28 U.S.C. § 2241. *See Harrison v. Gillespie*, 640 F.3d 888, 896 (9th Cir. 2011).

## PROCEDURAL HISTORY

Mr. Hill's trial initially began in October 2024 but ended in a mistrial after the presiding judge found manifest necessity due to defense counsel incompetence, based on the apparent impact of substance abuse or a mental health condition. Mr. Hill challenged this determination in the state court system, arguing that the trial judge's mistrial declaration was improper and, as such, any attempt at retrial would violate his constitutional right to be free from double jeopardy. The Washington state courts denied discretionary review of Mr. Hill's claims. His trial is now set to resume on October 19, 2026[1].

## FEDERAL HABEAS REVIEW

Pursuant to § 2241, a district court is authorized to entertain the habeas petition of any individual who is "in custody in violation of the Constitution or

---

[1] Petitioner moved to stay the state court trial scheduled to resume on August 24, 2026, and sought expedited review. ECF Nos. ECF Nos 5 and 6. He then notified the Court that trial would not commence until October 19, 2026, thus obviating the need for an immediate stay. ECF No. 10.

laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Thus, "the general grant of habeas authority in [Section 2241] is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment [such as] a defendant in pre-trial detention[.]" *Stow v. Murashige*, 389 F.3d 880, 886 (9th Cir. 2004); *Hoyle v. Ada Cty.,* 501 F.3d 1053, 1058 (9th Cir. 2007) (holding that Section 2241 is an appropriate means by which a pretrial detainee may challenge his or her detention).

Habeas petitions brought pursuant to § 2241 are subject to the same screening requirements that apply to habeas petitions brought pursuant to 28 U.S.C. § 2254. *See* Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) (a district court may "apply any or all of these rules" to any habeas petition). The Court is required to screen the Petition upon receipt to determine whether it is subject to summary dismissal. *See* Habeas Rule 4. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

"[F]ederal courts will entertain pretrial habeas petitions that raise a colorable claim of double jeopardy." *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992). "A double jeopardy claim is colorable if it has 'some possible validity.'" *United States v. Zone*, 403 F.3d 1101, 1104 (9th Cir. 2005) (*quoting*

*United States v. Price*, 314 F.3d 417, 420 (9th Cir. 2002)). Here, the Court finds that on the face of the Petition and accompanying documentation that Mr. Hill has failed to present a "colorable" claim of a double jeopardy violation. *See* 28 U.S.C. § 2241(c)(3).

DOUBLE JEOPARDY

"The Double Jeopardy Clause of the Fifth Amendment protects a person from being 'twice put in jeopardy of life or limb' for the same offense." *Weston v. Kernan*, 50 F.3d 633, 636 (9th Cir. 1995). However, "the protection of the Double Jeopardy Clause by its terms applies only if there has been some event, such as an acquittal, which terminates the original jeopardy." *Richardson v. United States*, 468 U.S. 317, 325 (1984). When a judge declares a mistrial after the proceedings have commenced, retrial will be permitted if the mistrial was justified by manifest necessity. *See Arizona v. Washington*, 434 U.S. 497, 505 (1978).

Here, Petitioner asserts that "the judge in my first trial sua sponte declared a mistrial over my objection." ECF No. 1 at 2. As an attachment to his Petition, Petitioner presents a transcription of the trial judge's reasoning for the declared mistrial:

> [JUDGE ANDERSON]: Mr. Hill, I'm so sorry, sir. I know and I appreciate that you want this to be done more than anything. But I cannot allow an attorney to represent a criminal defendant in my courtroom when something of this severity has been brought to my attention. And I can verify with my own personal observations and my

> knowledge of Mr. Kuhlman over the past many years, the man that's in the courtroom today is not the competent attorney that you hired.
> Currently, he is not capable of representing you adequately, which is your constitutional right that I am charged with protecting. So while I do appreciate you very much want to be done, if there was an ineffective assistance of counsel, your matter would not be done at the end of this trial. It would continue on for potentially an appeal. I'm trying to make sure that when you get your trial, it is fair across the board and that there can be some finality for you, sir. Go ahead and have a seat. Thank you.

ECF No. 1-1 at 28.

As stated, the trial judge expressed competing constitutional concerns of trial fairness and the effective assistance of counsel. The trial judge took Mr. Hill's assertions into consideration, and based on her personal observations, found trial counsel was not competent to represent Mr. Hill. There was no acquittal, and no indication from this statement that the trial judge considered the sufficiency of the evidence to convict. Retrial after mistrial is permitted where the trial court determined that, "taking all the circumstances into consideration, there is a manifest necessity for [a mistrial], or the ends of public justice would otherwise be defeated." *United States v. Perez,* 22 U.S. 579, 580 (1824).

Even if Petitioner did not consent to a mistrial, the Double Jeopardy clause does not prohibit a new trial after a mistrial has been declared if there was "manifest necessity" for the mistrial. *Illinois v. Somerville*, 410 U.S. 458, 461

(1973). Giving "special deference" to the trial court's determination, *see Washington*, 434 U.S. at 510-14, the record supports the finding of manifest necessity for a mistrial based on concerns of trial counsel's competency, particularly considering counsel's subsequent disbarment, effective March 31, 2026. *See Washington State Bar News,* "Discipline & Other Regulatory Notices," *June 2026,* p. 54, Washington State Bar Association.

"[T]he public's interest in fair trials designed to end in just judgements" must prevail over the defendant's "valued right" to have his trial concluded before the first jury impaneled. *Wade v. Hunter*, 336 U.S. 684, 689 (1949). The mistrial was supported by a valid determination of manifest necessity. Therefore, retrial is not prohibited under the double jeopardy clause. Petitioner is not entitled to federal habeas corpus relief based on a violation of the Fifth Amendment's prohibition against double jeopardy in this action. *See* Habeas Rule 4.

Accordingly, **IT IS ORDERED:**

1. The Petition, **ECF No. 1**, is **SUMMARILY DISMISSED.**

//

//

//

//

//

2. All other pending Motions and requests are **DENIED as moot.**
3. The Court certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, enter judgment, provide copies to counsel of record, and **close** this file.

**DATED** August 20, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE